**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LORELEY LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-1327-C |
| ) | |
| COMMUNICATION ) | |
| TECHNOLOGIES, INC., a/k/a COMTEK, ) | |
| and GENERAL LEO J. BAXTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Leo J. Baxter's motion to dismiss Plaintiff's claims is at issue. In her Complaint, Plaintiff asserts state law claims against Baxter for intentional and negligent infliction of emotional distress and breach and/or interference of contract. (Compl. ¶¶ 11-12.) Baxter contends that Plaintiff's claims are conclusory and/or are inactionable. (Dkt. No. 10.) In response, Plaintiff requests that her claim for tortious interference with contract be dismissed without prejudice and provides a "Statement of Facts" that purportedly contains sufficient factual allegations to support her claims. (Pl.'s Resp., Dkt. 16.)[1]

---

[1] In his Reply, Baxter argues that Plaintiff has converted his motion to dismiss into one for summary judgment by attaching matters outside the pleadings. (Dkt. No. 19.) Accordingly, Baxter has attached his own affidavit and moved for summary judgment.
   The Court does not agree that Plaintiff's inclusion of evidence in her Response necessarily converts Baxter's motion into one for summary judgment. And, in any event, the Court declines to accept such evidence. Instead, the Court treats Baxter's motion as it was originally intended, i.e., as a motion to dismiss under Rule 12(b), and Plaintiff's newly asserted factual allegations and evidence as an unsuccessful attempt to avoid dismissal and, perhaps, to amend her Complaint.

There is a "powerful presumption" against dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir. 1989). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support that would entitle her to relief. Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1372 (10th Cir. 1979) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, mere conclusory allegations, without supporting factual averments, are insufficient to state a claim for relief. Hall, 935 F.2d at 1110.

In this case, except for alleging that she was subjected to "numerous and repeated unwelcome sexual advances" from Baxter (Compl. ¶ 6), subsequently "harassed and retaliated against" by Baxter after complaining to COMTek management (id. ¶ 8), and that Baxter caused her to lose her agreement with Signal Mountain Associates, Inc. (id. ¶ 11), Plaintiff fails to offer any specific factual allegations in the Complaint to support her claims. Although her "Statement of Facts" contains detailed factual allegations, Plaintiff has not asked that these allegations somehow be incorporated into her Complaint or sought to amend her Complaint accordingly. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served . . . ." Because Baxter has not filed an answer, Plaintiff could file an amended complaint without leave of court. Despite having had a reasonable opportunity to add the factual allegations contained in her Response to the Complaint, Plaintiff has failed to so. Because Baxter's motion should be decided on the basis of the allegations in the Complaint,

the Court cannot help but agree with Baxter that Plaintiff's allegations are conclusory and, therefore, fail to state a claim upon which relief may be granted. See McCormick v. Farrar, 147 Fed. Appx. 716, 721 (10th Cir. 2005) (rejecting appellant's claim that informing court of typographical error in complaint was sufficient to cure the error and prevent dismissal based on statute of limitations grounds).[2]

Accordingly, Defendant Leo J. Baxter's Motion to Dismiss (Dkt. 10) is GRANTED and Plaintiff's claims are dismissed without prejudice. Defendant Baxter's motion for summary judgment, as asserted in his Reply (Dkt. No. 19), is DENIED as moot.

IT IS SO ORDERED this 17th day of January, 2006.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge

---

[2] The Court is mindful of Tenth Circuit Rule 36.3 and cites this unpublished opinion as a valuable reference (because of the cases' factual similarities) and not as precedent.